IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMIKA MAY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PHILO, INC.,<br><br>    Defendant. | Case No. 23-cv-01394-MMC<br><br>**ORDER DEFERRING RULING ON DEFENDANT'S MOTION TO DISMISS; GRANTING IN PART DEFENDANT'S MOTION TO STAY DISCOVERY; SETTING FURTHER BRIEFING SCHEDULE; CONTINUING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court are two motions filed May 17, 2023, by defendant Philo, Inc. ("Philo"): (1) "Motion to Dismiss the Class Action Complaint"; and (2) "Motion to Stay Discovery Pending Resolution of Defendant Philo, Inc.'s Motion to Dismiss the Class Action Complaint." Plaintiffs Tomika May ("May") and Matthew Kirschenbaum ("Kirschenbaum") have filed opposition,[1] to which Philo has replied. Having read and considered the parties' respective written submissions, the Court, as discussed below, finds it appropriate to defer ruling on the motion to dismiss, to allow plaintiffs to take limited discovery with regard to May's standing.

    In their Complaint, plaintiffs allege that "Philo operates a digital subscription service where subscribers may view television shows and movies" (see Compl. ¶ 2), that Philo has "installed" on its website "the Facebook Pixel" (see Compl. ¶¶ 4, 22), and that

---

[1] Plaintiffs failed to provide the Court with a courtesy copy of their opposition. Nonetheless, the Court has considered it. For future reference, plaintiffs are reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

1  "Philo disclosed to Facebook, through the Facebook Pixel, the FID of the subscriber[s][2]
2  and the specific video the subscriber[s] requested or obtained" (see Compl. ¶ 25).
3  Plaintiffs also allege that May has been a "Philo subscriber" since October 2021 and is
4  also a "Facebook user" (see Compl. ¶ 43), that Kirschenbaum was a "Philo subscriber
5  from 2019 through August 2021" and is also a "Facebook user" (see Compl. ¶ 48), and
6  that Philo disclosed to Facebook each plaintiff's FID and the "title of the videos" each
7  plaintiff "requested or obtained" (see Compl. ¶¶ 46, 51).  Based on the above-referenced
8  allegations, plaintiffs assert, on their own behalf and on behalf of a putative class, a claim
9  against Philo under the Video Privacy Protection Act ("VPPA").

10  The VPPA "bars a 'video tape service provider' from knowingly disclosing
11  'personally identifiable information concerning any consumer of such provider.'"  See
12  Eichenberger v. ESPN, Inc., 876 F.3d 979, 981 (9th Cir. 2017) (quoting 18 U.S.C.
13  § 2710(b)(1)).[3]  A plaintiff has standing to assert a violation of the VPPA "without showing
14  consequential harm."  See id. at 983-84 (holding "the VPPA identifies a substantive right
15  to privacy that suffers any time a video service provider discloses otherwise private
16  information") (emphases in original).

17  Here, plaintiffs, as noted, allege that Philo, through its use of the Facebook Pixel,
18  disclosed to Facebook personal information about subscribers.  In support of the instant
19  motion, Philo offers evidence that "[t]he Facebook Pixel was removed from all pages that
20  play video on Philo's website in August 2022" (see Bland Decl. ¶ 6), and that "the Philo
21  account associated with . . . May's email address" first "played videos on the Philo
22  website" on October 28, 2022 (see id. ¶ 5).  In light thereof, Philo argues, May did not
23  suffer a violation of her right to privacy, and, consequently, she lacks standing to assert a

---

[2] An "FID," or "Facebook ID," is "a unique sequence of numbers linked to [an] individual's Facebook profile"  (See Compl. ¶¶ 4-5.)

[3] According to plaintiffs, Philo is a "video tape service provider" because "it is engaged in the business of delivering audiovisual materials that are similar to prerecorded video cassette tapes."  (See Compl. ¶ 66.)

1   VPPA claim.  See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021) (holding
2   plaintiff lacks "Article III standing" in absence of having "suffered an injury in fact . . . likely
3   caused by the defendant").
4         Although Philo's evidence, if unrebutted, would support a finding that May lacks
5   standing, such evidence would also resolve May's claim on its merits.  Where, as here, a
6   defendant files a motion to dismiss for lack of subject matter jurisdiction and "the
7   jurisdictional issue and the substantive issues are so intertwined that the question of
8   jurisdiction is dependent on the resolution of factual issues going to the merits, the
9   jurisdictional determination should await a determination of the relevant facts on either a
10  motion going to the merits or at trial."  See Augustine v. United States, 704 F.2d 1074,
11  1077 (9th Cir. 1983).  Consequently, in ruling on a jurisdictional motion to dismiss
12  "involving factual issues which also go to the merits," courts "employ the standard
13  applicable to a motion for summary judgment" and the moving party "prevail[s] only if the
14  material jurisdictional facts are not in dispute."  See id. at 1077, 1079.
15        Although plaintiffs argue the motion should be denied and they be allowed to
16  conduct class discovery on the merits prior to any determination of May's standing, the
17  Court finds it preferable to resolve the intertwined issue first, particularly given its narrow
18  scope.  The Court will, however, afford plaintiffs the opportunity to conduct limited
19  discovery on that issue, see America West Airlines, Inc. v. GPA Group, Inc., 877 F.2d
20  793, 801 (9th Cir. 1989) (noting "where pertinent facts bearing on the question of
21  jurisdiction are in dispute, discovery should be allowed"), and will defer ruling on the
22  instant motion pending completion thereof.[4]
23  //
24  //

---

[4] Although Philo argues Kirschenbaum's claim is subject to dismissal on different grounds, namely, that his claim is barred by Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure, in that he made the same claim in two prior actions, each of which was voluntarily dismissed, the Court, in the interest of judicial economy, will defer ruling on that issue as well.

Accordingly:

1. The Court hereby DEFERS ruling on Philo's motion to dismiss, and plaintiffs are hereby afforded leave to conduct discovery as to (a) whether Philo has removed the Facebook Pixel from all webpages that play video, and, if so, the date on which it made that change, and (b) the dates on which May played a video on the Philo website. In all other respects, Philo's motion to stay discovery is hereby GRANTED.

2. No later than October 6, 2023, jurisdictional discovery shall be completed.

3. No later than October 27, 2023, plaintiffs shall file any supplemental opposition to Philo's motion to dismiss, limited to the issue of whether May has standing.

4. No later than November 13, 2023, Philo shall file any supplemental reply.

5. The hearing on Philo's motion to dismiss is hereby CONTINUED from July 28, 2023, to December 1, 2023, at 9:00 a.m.

6. The Case Management Conference is hereby CONTINUED from July 14, 2023, to January 26, 2024. A Joint Case Management Statement shall be filed no later than January 19, 2024.

**IT IS SO ORDERED.**

Dated: July 7, 2023

MAXINE M. CHESNEY
United States District Judge