IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMIKA MAY and MATTHEW KIRSCHENBAUM,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PHILO, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-01394-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

　　　　Before the Court is defendant Philo, Inc.'s ("Philo") Motion, filed May 17, 2023, "to Dismiss the Class Action Complaint."  Plaintiffs Tomika May ("May") and Matthew Kirschenbaum ("Kirschenbaum") have filed opposition, to which Philo has replied.

　　　　By order filed July 7, 2023 ("July 7 Order"), the Court, after considering the parties' respective written submissions, deferred ruling on the motion, finding plaintiffs were entitled to conduct discovery relevant to whether May has standing, an issue raised in the motion to dismiss, and afforded plaintiffs leave to file supplemental opposition following the completion of such discovery.  Thereafter, by letter filed October 17, 2023, plaintiffs advised the Court that the discovery had been completed and that they did not intend to file supplemental opposition.  Accordingly, the Court, having again read and considered the parties' respective written submissions, deems the matter appropriate for determination on the parties' respective written submissions,[1] VACATES the hearing

---

[1] On October 18, 2023, Philo filed a letter, attaching thereto discovery provided to plaintiffs that, Philo contends, further supports its argument that May lacks standing.  As plaintiffs did not file supplemental opposition, however, there is no additional briefing to which Philo may reply, and, accordingly, the Court has not considered Philo's letter.  Additionally, the Court notes that, in the future, neither party should file letters on the docket.  See Civil L.R. 3-4(a) (setting forth requirements as to "each paper presented for filing").

scheduled for December 1, 2023, and rules as follows.

## BACKGROUND

In their Complaint, plaintiffs allege that "Philo operates a digital subscription service where subscribers may view television shows and movies" (see Compl. ¶ 2), that Philo has "installed" on its website "the Facebook Pixel" (see Compl. ¶¶ 4, 22), and that "Philo disclosed to Facebook, through the Facebook Pixel, the FID of the subscriber[s][2] and the specific video the subscriber[s] requested or obtained" (see Compl. ¶ 25). Plaintiffs further allege that May has been a "Philo subscriber" since October 2021 and is a "Facebook user" (see Compl. ¶ 43), that Kirschenbaum was a "Philo subscriber from 2019 through August 2021" and is also a "Facebook user" (see Compl. ¶ 48), and that Philo disclosed to Facebook each plaintiff's FID and the "title of the videos" each plaintiff "requested or obtained" (see Compl. ¶¶ 46, 51). Based on the above-referenced allegations, plaintiffs assert, on their own behalf and on behalf of a putative class, a claim against Philo under the Video Privacy Protection Act ("VPPA").

## DISCUSSION

The VPPA "bars a 'video tape service provider' from knowingly disclosing 'personally identifiable information concerning any consumer of such provider.'" See Eichenberger v. ESPN, Inc., 876 F.3d 979, 981 (9th Cir. 2017) (quoting 18 U.S.C. § 2710(b)(1)).[3] Philo, in seeking dismissal of plaintiffs' VPPA claim, argues May lacks standing and that Kirschenbaum's claim is barred by Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure. The Court considers the two arguments in turn.

**A. May: Standing**

Plaintiffs, as noted, allege that Philo, through its use of the Facebook Pixel,

---

[2] An "FID," or "Facebook ID," is "a unique sequence of numbers linked to [an] individual's Facebook profile" (See Compl. ¶¶ 4-5.)

[3] Plaintiffs allege Philo is a "video tape service provider" because "it is engaged in the business of delivering audiovisual materials that are similar to prerecorded video cassette tapes." (See Compl. ¶ 66.)

2

1  disclosed to Facebook personal information about subscribers, including May.  In support
2  of the instant motion, Philo offers evidence that "[t]he Facebook Pixel was removed from
3  all pages that play video on Philo's website in August 2022" (see Bland Decl. ¶ 6), and
4  that "the Philo account associated with . . . May's email address" first "played videos on
5  the Philo website" on October 28, 2022 (see id. ¶ 5).  In light thereof, Philo argues, May
6  did not suffer a violation of her right to privacy, and, consequently, lacks standing to
7  assert a VPPA claim.  See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021)
8  (holding plaintiff lacks "Article III standing" in absence of having "suffered an injury in fact
9  . . . likely caused by the defendant").

10  In its July 7 Order, the Court found Philo's showing, if unrebutted, sufficient to
11  establish May's lack of standing to assert a claim under the VPPA.  As plaintiffs have had
12  an opportunity to, and did conduct, jurisdictional discovery, and there being no evidence
13  offered by plaintiffs to rebut Philo's showing, the Court, for the reasons stated in the July
14  7 Order, finds May lacks standing.

15  Accordingly, to the extent Philo seeks dismissal of May's claim, the motion to
16  dismiss will be granted.

17  **B. Kirschenbaum:  Rule 41(a)(1)(B)**

18  There is no dispute that Kirschenbaum was a named plaintiff in two prior actions in
19  which the plaintiffs therein, including Kirschenbaum, asserted a VPPA claim based on the
20  same allegations made in the instant action.  It is also undisputed that, in both of those
21  two prior actions, Kirschenbaum, along with the other plaintiffs named in the amended
22  complaints filed in those actions, voluntarily dismissed the action.  Philo argues that, in
23  light of the two prior voluntary dismissals, Kirschenbaum's third action asserting a VPPA
24  claim, i.e., the instant action, is barred by Rule 41(a)(1)(B).

25  Rule 41(a)(1)(A) provides that a plaintiff "may dismiss an action without a court
26  order by filing: (i) a notice of dismissal before the opposing party serves either an answer
27  or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties
28  who have appeared."  See Fed. R. Civ. P. 41(a)(1).  Rule 41(a)(1)(B) then sets forth the

1  "effect" of such dismissal as follows:  "Unless the notice or stipulation states otherwise,
2  the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or
3  state-court action based on or including the same claim, a notice of dismissal operates as
4  an adjudication on the merits."  See Fed. R. Civ. P. 41(a)(2).

5  Plaintiffs do not dispute that, given the two prior dismissals, application of Rule
6  41(a)(1)(B) would preclude Kirschenbaum from proceeding with the instant action.
7  Plaintiffs argue, however, that Philo should be judicially estopped from relying on Rule
8  41(a)(1)(B), because, they contend, Philo, in the two prior actions, took the position that
9  Kirschenbaum "was not a party to the amended complaints" (see Pls.' Opp. at 1:10-11),
10 whereas Philo, in the instant action, is taking the position that, "in essence, . . .
11 Kirschenbaum was a party to those actions" (see id. at 1:13-14 (emphasis in original)).
12 According to plaintiffs, those "two positions are obviously contradictory" (see id. at 1:16),
13 and, consequently, Philo is barred, under the doctrine of judicial estoppel, from relying on
14 Rule 41(a)(1)(B).

15 In each of the subject prior actions, Philo filed a motion to dismiss the amended
16 complaint in which Kirschenbaum had been added as a plaintiff (see In re Philo Privacy
17 Litigation, Case No. 22-cv-04296 HSG, Doc. No. 60; Bryant v. Philo, Inc., Case No. 23-
18 cv-00135, Doc. No. 27 HSG), arguing that the plaintiffs in the initial complaint lacked
19 standing and that, as a result, those plaintiffs could not amend to add new plaintiffs, such
20 as Kirschenbaum.  Although it is not clear Philo's earlier argument is contrary to the
21 position it takes in the instant action, such earlier argument, even if contrary to its instant
22 position, does not give rise to an estoppel, as the district court to whom each of the prior
23 actions was assigned did not decide either motion to dismiss; rather, the plaintiffs in each
24 prior action voluntarily dismissed their claims before the district court ruled on said
25 motions.  Under such circumstances, the doctrine of judicial estoppel is inapplicable, the
26 Ninth Circuit having "restricted the application of judicial estoppel to cases where the
27 court relies on, or accepted, the party's previous inconsistent position."  See Casa del
28 Caffe Vergnano S.P.A. v. ItalFlavors, LLC, 816 F.3d 1208, 1213 (9th Cir. 2016) (internal

quotation and citation omitted).

Accordingly, to the extent Philo seeks dismissal of Kirschenbaum's claim, the motion to dismiss will be granted.

## CONCLUSION

For the reasons stated above, Philo's motion to dismiss is hereby GRANTED. The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: November 6, 2023

MAXINE M. CHESNEY
United States District Judge